FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 02, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD J. ADAMS (2),<br><br>Defendant. | NO: 2:18-CR-19-RMP-2<br><br>ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)<br><br>(COMPASSIONATE RELEASE) |

Upon motion of Defendant Ronald J. Adams for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court finds that compassionate release is appropriate.

Mr. Adams previously had requested compassionate release from the warden at his facility, and the warden denied that request more than thirty days prior to Mr. Adams' motion in this court. ECF No. 141 at 1. Mr. Adams represents that he is now in his 60s and has a series of serious health conditions, including hypertension, a serious heart condition, and shortness of breath. In conjunction with the current

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE) ~ 1

COVID-19 pandemic, Mr. Adams' physical conditions places him at high risk for a serious illness if he remains in close contact with other inmates within the confines of an institution. Moreover, Mr. Adams' BOP PATTERN score is low, and he does not present a risk of danger to the community if released.

The Government does not dispute that Mr. Adams is an appropriate candidate for compassionate release due to his age, his behavior while in BOP custody, and especially because of his serious health concerns. ECF No. 150 at 12-15. However, the Government states that "the parties jointly recommend the Court convert the Defendant's remaining custody time to supervised release with a home confinement/EHM condition, to run *consecutive* to the 5-year term of supervised release already imposed by the Court." *Id*. at 2 (emphasis in original). In addition, the Government requests that the Defendant be placed in a 14 day quarantine by BOP before his release to confirm that the Defendant is not currently positive for COVID-19 before he is released into the public. *Id.* at 19.

As the Government noted in its brief, the "BOP's authority to place a defendant in home confinement pursuant to 18 U.S.C. § 3642(c)(2) is exclusive." *Id.* at 6 (citing *Johnson v. Thompson*, 2020 WL 2106345 at *1 (E.D. Cal. Mar. 19, 2020)). However, as the Defendant also has requested compassionate release under 18 U.S.C. §3582(c), the Court has the authority to reduce the Defendant's previously imposed sentence. 18 U.S.C. §3582(c)(1)(A).

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE) ~ 2

Although both parties have requested that Mr. Adams' sentence be "converted" to home confinement, the Court finds that there is no authority for the Court to direct the BOP to convert Mr. Adams' remaining period of incarceration to home confinement. Rather, the Court has the authority to reduce Mr. Adams' sentence to "time served" and then impose a term of probation or supervised release either with the condition of home confinement or under the previously imposed conditions of supervised release. 18 U.S.C. §3582(c)(1)(A).

In this case, Mr. Adams already has served a significant portion of his sentence, and the Court finds that there is no need for additional punishment for his offense. Moreover, considering the limited resources of the U.S. Probation office in supervising individuals granted compassionate release in conjunction with Mr. Adams' age, health restrictions, and low likelihood of reoffending, the Court finds that home confinement is not necessary.

Therefore, the Court grants compassionate release under 18 U.S.C. §3582(c)(1)(A) and reduces the time of incarceration to "time served." Mr. Adams will begin a five year term of supervised release under the same conditions previously imposed. Moreover, the Court finds that ordering the BOP to quarantine Mr. Adams for 14 days to determine whether he is positive with the COVID-19 virus is impractical, considering that asymptomatic people can carry the virus and considering that at any time during that 14 day period, Mr. Adams could be contaminated with the virus.

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE) ~ 3

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Compassionate Release, **ECF No. 141**, is **GRANTED**.

2. The remainder of Defendant's previously imposed sentence is reduced to time served.

3. This order is stayed for up to fourteen days, for the verification of Defendant's residence and release plan, to make appropriate travel arrangements, and to ensure Defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

4. Defendant must provide the complete address where Defendant will reside upon release to the probation office in the district where he will be released.

/ / /

/ / /

/ / /

/ / /

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE) ~ 4

5. Defendant's previously imposed conditions of supervised release are unchanged.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel and to the U.S. Probation Office.

**DATED** September 2, 2020.

>    *s/ Rosanna Malouf Peterson*
>    ROSANNA MALOUF PETERSON
>    United States District Judge

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE) ~ 5